Citation Nr: 1536792 
Decision Date: 08/27/15 Archive Date: 09/04/15

DOCKET NO. 14-01 369 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Atlanta, Georgia


THE ISSUES

1. Entitlement to an increased rating for lumbar spine degenerative disc disease with mechanical low back pain, currently evaluated as 10 percent disabling.

2. Entitlement to an increased rating for patellofemoral pain syndrome, right knee, currently evaluated as 10 percent disabling.

3. Entitlement to an increased rating for left knee degenerative changes, currently evaluated as 10 percent disabling.

4. Entitlement to an increased rating for right ankle capsulitis with ankle joint stiffness and osteoarthritis, currently evaluated as 10 percent disabling.

5. Entitlement to an increased rating for left ankle capsulitis with ankle joint stiffness and osteoarthritis, currently evaluated as 10 percent disabling.

6. Entitlement to an increased rating for plantar fasciitis, right foot, with heel spur, evaluated as 10 percent disabling prior to October 16, 2014 and 30 percent thereafter.

7. Entitlement to a compensable rating for mild arthritic changes of the right shoulder prior to March 22, 2012, and to a rating in excess of 10 percent thereafter.

8. Entitlement to a compensable rating for mild arthritic changes of the left shoulder prior to March 22, 2012, and to a rating in excess of 10 percent thereafter.

9. Entitlement to a total disability rating based on individual unemployability (TDIU).

10. Entitlement to special monthly compensation (SMC) based on the need for the regular aid and attendance of another person or due to housebound status.


ATTORNEY FOR THE BOARD

Robert E. P. Jones, Counsel


INTRODUCTION

The Veteran served on active duty from May 1976 to June 1995. 

This matter is before the Board of Veterans' Appeals (Board) on appeal from October 2011 and March 2013 rating decisions by the Department of Veterans Affairs (VA) Regional Office in Atlanta, Georgia. 

In a May 2014 decision, the Board denied the Veteran's claim for an increased rating for hemorrhoids and remanded the remaining issues on appeal.

In a December 2014 rating decision, the RO increased the rating for the plantar fasciitis of the right foot with heel spur to 30 percent disabling effective October 16, 2014.

The Board remanded the Veteran's claims in April 2015. 

In July 2015 the Veteran waived RO review of additional evidence he submitted in support of his claim. 

The Veteran has asserted that he is unable to leave the house due to the service-connected disabilities and that he requires the regular aid and attendance of another person. Although this matter was denied by way of a June 2015 rating decision, it is inferred as part and parcel of the increased rating claims, and is therefore before the Board. See 38 U.S.C.A. § 1114(s) (West 2014); 38 C.F.R. § 3.350(i) (2015); Akles v. Derwinski, 1 Vet. App 118 (1991).

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Veteran's claims were remanded by the Board in April 2015 in order to obtain copies of the Veteran's updated private treatment records. The AOJ sent the Veteran authorization forms to fill out in order that such records could be requested by VA. In April 2015 the Veteran submitted signed authorizations for three private medical providers. Included with the authorizations the Veteran submitted copies of private medical records that were already contained in the record. The AOJ did not send the requests to two of the private medical providers. See Stegall v. West, 11 Vet. App. 268 (1998) (where the remand orders of the Board are not complied with, the Board errs as a matter of law when it fails to ensure compliance). Consequently the Veteran's claims must be remanded in order to have new authorization forms obtained and sent to the Veteran's private medical providers. 

Additionally, the Veteran's private treating physician wrote an April 2015 letter to VA in which he questioned the adequacy of the October 2014 VA examination of the Veteran's disabilities and stated that these disabilities had continued to worsen. Accordingly, new VA examinations of the Veteran's disabilities must be provided in order to evaluate the current severity of the Veteran's service-connected joint disabilities. 

The Veteran's updated VA treatment records should be obtained and associated with the claims file. 

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Obtain copies of the Veteran's VA treatment records that are not already of record.

2. Request that the Veteran provide authorization forms to obtain copies of his medical records from Dr. Jones, Dr. Robinson, and Dr. Stephens. Send theses authorizations to each medical provider unless the Veteran specifically informs the AOJ that all such records from a particular medical provider have already been submitted. If the search for these records is negative, that should be noted and the Veteran must be informed pursuant to 38 C.F.R. § 3.159(e).

3. Schedule the Veteran for a VA examination to determine the severity of his service-connected disabilities of the spine, shoulders, knees, ankles and right foot. Any and all studies, tests and evaluations deemed necessary by the examiner should be performed. The examiner should also elicit a complete history from the Veteran, the pertinent details of which should be included in the examination report.

The examiner's report should fully set forth all current complaints and pertinent clinical findings, and should describe in detail the presence or absence and the extent of any functional loss due to the Veteran's service-connected disabilities. In particular, the examiner should indicate the point during range of motion testing of each joint that motion is limited by pain. 

In particular, the examiner should comment on any functional loss due to weakened movement, excess fatigability, incoordination, or pain on use. 

The examiner's report should include a description of the above factors that pertain to functional loss due to the service-connected joint disabilities that develops on repetitive use or during flare-ups. If such is not feasible, the examiner should explain why.

The examiner should state whether there are any currently present neurologic deficits (other than bilateral lower extremity radiculopathy) caused by the Veteran's lumbar spine disability. 

The examiner should also describe the duration during the previous year of any incapacitating episodes caused by the Veteran's lumbar spine disability.

Regarding the right foot disability, the examiner is asked to complete both a miscellaneous foot and a pes planus examination report to ensure that the Board will have sufficient information to rate the disability. 

With respect to each disability, the examiner is asked to provide information concerning the functional impairment resulting therefrom that may affect the ability to function and perform tasks in a work setting.

The examiner should also provide information as whether the Veteran at least as likely as not (probability of 50 percent or greater) requires the regular aid and attendance of another person due to factors such as the inability to dress or undress himself; keep himself clean and presentable; frequent need of adjustment of any special prosthetic or orthopedic appliances which by reason of the particular disability cannot be done without aid; or the inability to feed himself through loss of coordination of upper extremities or through extreme weakness; inability to attend to the wants of nature; or incapacity, physical or mental, which requires care or assistance on a regular basis to protect him from the hazards or dangers of his daily environment, as a result of service-connected disability or disabilities. In addition, is the Veteran at least as likely as not permanently housebound (substantially confined to his dwelling and the immediate premises) due to service-connected disability or disabilities.

4. Thereafter, readjudicate all issues that are in appellate status and furnish the Veteran a supplemental statement of the case for all claims that remain less than fully favorable to the Veteran. The Veteran and his representative should be afforded the appropriate opportunity to respond before the case is returned to the Board.

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
S. S. TOTH 
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).